# Fitzsimmons *v.* Buckley.

## *Damages.*

1. *A marriage license can not properly be issued to a minor without the consent of the parents or guardian.*—To authorize the issue of a license for the marriage of a minor, the parent or guardian must give his consent in one of the forms expressed in section 2678 of the Code of 1876, to the judge of probate himself.

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. JAMES Q. SMITH.

· This was an action commenced by Thomas Fitzsimmons,· at the June term, 1875, of the Circuit Court of Montgomery county, against Charles W. Buckley, to recover damages for the unlawful issue of a marriage license to celebrate the rites of matrimony between Sabe Whatley and Mary E. Fitzsimmons, a minor. By consent, a demurrer to the first count· of the complaint was sustained. The court overruled the demurrer to the second count of the complaint. The defendant pleaded the general issue with leave to give in evidence any matter that might be specially ·pleaded ; and the plaintiff joined issue.

The plaintiff offered in evidence the original marriage license described in the complaint, and the record of said license made and kept in the office of the judge of probate, "which were admitted by defendant to be such original license and record." The license was signed by the defendant, Charles W. Buckley, judge of probate, and bore date the 2d day of March, 1875.

The plaintiff testified that he was the father of Mary Emma Fitzsimmons, described in the " complaint and license," and that she was born on the 19th day of December, 1858. " On cross-examination this witness was asked by the defendant if he had not treated said Emma with harshness before the issuance of said license? The plaintiff objected to the question on the ground that it was irrelevant. The defendant stated that the purpose of this question was to show that plaintiff had, by harsh treatment, compelled his said daughter to leave him, and thereby, the plaintiff had lost the natural control over her, which made him the proper person to consent to the issuance of the said license. " The

[Fitzsimmons v. Buckley.]

court then overruled the objection, and the plaintiff excepted. The witness stated he had punished her in the spring of 1872 by whipping her on account of information he had received of her immoral conduct. In consequence of this punishment she had left plaintiff's house and went to the house of her uncle, where she remained two days, and then returned at his request—and she had remained at his house from that time until the Sunday night preceding the 2d day of March, 1875. He also testified, that up to the time of said punishment she had been a dutiful and affectionate child. On cross-examination, the plaintiff denied that he had ever at any time given his consent to the marriage of his daughter with Sabe Whatley; and that he had forbidden his said daughter to let Sabe Whatley come to the house of witness.

The defendant introduced Mary Emma Fitzsimmons as a witness, and asked, "if her father had given his permission to marry said Sabe." The plaintiff objected to the question, on the ground that the consent to the marriage required by the statute as a preliminary to the issuance of the license aforesaid by the defendant, could not be proven by evidence of consent given to said Mary Emma. The court overruled the objection, and the plaintiff excepted. The witness answered that her father had given her permission to marry said Sabe two or three months before she was married.

There was no evidence that the plaintiff had in any manner given his consent to the judge of probate to issue the marriage license.

The foregoing facts are sufficient for the complete understanding of the only questions decided by the court in this case.

E. J. FITZPATRICK, for appellant.

RICE, JONES & WILEY, for appellee.—1. The right of a father over a minor child may be forfeited by misconduct or by misfortune.—31 Ala. 425.—A father may also emancipate his minor child.—6 Ala. 501; 17 Ala. 14. Such misconduct, misfortune or emancipation, like any other fact, may be proven by circumstantial evidence.—8 Ala. 519. Issues as to facts of this kind, like questions of undue influence admit of a wide range of evidence.

2. The fact or circumstance is relevant though it be not part of the transactions on which the issue turns if the truth or falsehood of it may fairly influence the jury as to the

[Fitzsimmons v. Buckley.]·

whole case.—15 Ad. & Ellis (new series), 878; S. C. 69; Eng. Com. Law. Rep. 878. Evidence which at the beginning of a trial appears to be wholly irrelevant, often becomes relevant because of matter brought out during the trial. Observance of the foregoing principles impels the conclusion that there was no reversible error in the rulings of the court below, either upon the admission or exclusion of evidence.

3. "It is believed to be universally true, that when a claim of any sort is asserted in court, all those circumstances which go to defeat the claim and to show that the person asserting it has not a right to recover, may, and ought to be considered."—2 Cranch, 265; 31 Ala. 425.

STONE, J.—The defense in the present case, misapprehends both the letter and spirit of the statute, § 2678, Code 1876. The consent of the parent, or guardian, of a minor male under the age of 21, or female under 18, that a license may be issued for the marriage of such minor, is a present consent, required to be given, in one of the forms expressed in the statute, to the judge of probate himself. Anything short of this, would preclude a parent, who might at some time favor a prospective matrimonial union of his minor child, from afterwards changing his mind, and from exercising any volition as to the time when such marriage should be consummated. It would also open the door to much uncertainty and conflict of testimony, as was shown in this case.

Nor do we think that in such an issue as this, it is permissible to canvass the government of the household, or inquire whether the father, in correcting his child of twelve or fourteen years, did or did not inflict reasonable and justifiable chastisement. Such testimony can shed no possible light on the question of the girl's age, or that other question of prime importance, did the father give his consent, being personally present, or did he give it in writing, that the defendant might grant a license for the marriage of his minor daughter.

We deem it unnecessary to apply these principles to the various rulings in this case.

Reversed and remanded.